U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 JUN 30  PM 4: 46

CLERK

BY  /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ERIN and CHRISTY McCOMACK, )
ROMEAL and ANGELA STEPHENS, )
EVETTE TRIBES, VINCENT YI, ZANE and )
KALONNA ZEIGLER, DOUGLAS and )
KATHY LEGER, RONALD LEWIS, )
SHELLY ADAM and MEGAN )
HENDERSON, GWENDOLYN )
BARILLEAUX, TRACEY BURKE, KATIE )
CUMMINGS and VERNON SAMS, SELMA )
and MEHDI KSIBI, MARY MILLER, and )     Case No. 2:19-cv-00057
MANILYN SANCHEZ and RODNEY )
JOHNSON, )
 )
  Plaintiffs, )
 )
  v. )
 )
HOLIDAY INN CLUB VACATIONS, )
SILVERLEAF RESORTS, INC., ORANGE )
LAKE RESORTS, ORANGE LAKE )
COUNTRY CLUB, INC., DOES 1-5, and )
ROE CORPORATIONS 1-10, )
 )
  Defendants. )

## ENTRY ORDER DISMISSING PLAINTIFFS
## TRACEY BURKE'S AND RONALD LEWIS'S CLAIMS WITHOUT PREJUDICE

Plaintiffs Tracey Burke and Ronald Lewis, among others, bring this suit against Defendants Holiday Inn Club Vacations, Silverleaf Resorts, Inc. ("Silverleaf"), Orange Lake Resorts, Orange Lake Country Club, Inc. (the "Orange Lake Defendants"), Does 1-5, and Roe Corporations 1-10 (collectively, "Defendants") asserting Defendants fraudulently induced Plaintiffs to enter into time-share agreements at various resort properties through lengthy sales presentations during which Defendants and their agents allegedly made false and misleading statements regarding the nature of the properties and terms of the time-share agreements.

In their First Amended Complaint, Plaintiffs Burke and Lewis assert eight causes of action against Defendants: (1) fraud and rescission of contract; (2) unauthorized practice of law; (3) fraud in the offer of securities under Section 17(a) of the Securities Act of 1933; (4) fraud in connection with the purchase or sale of securities in violation of Section 10(b) and Rule 10b-5 of the Securities and Exchange Act of 1934; (5) breach of contract; (6) violation of the California Time-Share Act of 2004; (7) common law rescission; and (8) punitive damages.

On March 9, 2020, the court ordered Plaintiffs Burke and Lewis to show cause as to why their claims should not be dismissed for improper venue or on the ground of *forum non conveniens* within fourteen (14) days of the date of that Order. Plaintiffs Burke and Lewis did not respond to this Order.

On May 1, 2020, the court ordered Plaintiffs Burke and Lewis to show cause as to why the court should not dismiss their claims for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) within twenty (20) days of the date of that Order. They did not respond to this Order as well.

Pursuant to Fed. R. Civ. P. 41(b), the court may dismiss an action or claims "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" *Id.* The court possesses an "inherent power[]" to dismiss for failure to prosecute *sua sponte* arising from the "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (internal quotation marks omitted); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]").

A district court should generally dismiss for failure to prosecute without prejudice. *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) ("[D]ismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid

2

prejudice to defendants by retaining open lawsuits with no activity.") (internal quotation marks omitted).

Neither Plaintiff Burke nor Plaintiff Lewis are Vermont residents, and their timeshares are not located in Vermont. They provided a cursory response to the court's February 20, 2020 Order directing them to provide additional information in connection with the Orange Lake Defendants' motion to dismiss and have not responded to the court's two subsequent Orders to Show Cause. In its May 1, 2020 Order, the court notified Plaintiffs Burke and Lewis that "[f]ailure to adequately respond shall result in dismissal of the[ir] claims . . . without prejudice." (Doc. 31 at 2.) In light of the facts and circumstances of this case, which are described more fully in the court's previous Orders, the court concludes Plaintiffs Burke and Lewis do not intend to pursue their claims in the District of Vermont and therefore DISMISSES their claims in their entirety WITHOUT PREJUDICE.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 30th day of June, 2020.

Christina Reiss, District Judge
United States District Court